OPINION
{¶ 1} Plaintiff-appellant Randy A. Shuss appeals the September 9, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas, granting in part a motion for summary judgment filed by defendants-appellees, Tuscarawas County, Tuscarawas County Commissioners, and Tuscarawas County Engineer.
1. STATEMENT OF THE FACTS AND CASE
 {¶ 2} Appellees contracted with Kelcorp Construction for the construction of a bridge in Tuscarawas County, Ohio. The bridge was constructed between April 1999, and December 1999. On July 16, 2001, appellant and his wife Marlene, now deceased, filed a complaint against appellees and Kelcorp Construction in the Tuscarawas County Court of Common Pleas. The complaint alleged appellees were negligent in the design and construction of the bridge, resulting in damage to appellants' property and appellees, by and through its agents, wrongfully appropriated part of appellants' land for construction of the bridge. Appellees filed their answer on August 14, 2001. Defendants Kelcorp Construction failed to file an answer. On February 12, 2002, appellants filed a motion for default judgment against Kelcorp. The trial court granted the default judgment in an Entry filed April 3, 2002.
 {¶ 3} Appellees filed their motions for summary judgment on May 17, 2002. In a September 9, 2002 Judgment Entry, the trial court denied appellees' motions on the issue of whether or not appellee Tuscarawas County, by and through agents, had wrongfully appropriated appellants' property. The trial court granted appellees' motion on other issues and found there was no just reason for delay pursuant to Civ.R. 54(B). It is from that judgment entry appellants prosecute their appeal, assigning the following errors for our review:
"I. The trial court erred in granting summary judgment in favor of defendant/appellee, Tuscarawas County and. Tuscarawas County
 {¶ 4} Engineer, in that they do not have immunity under O.R.C. Chapter 2744 for bridge construction and design.
 {¶ 5} "II. The trial court erred in granting summary judgmentin favor of defendant/appellee, Tuscarawas County and TuscarawasCounty
 {¶ 6} Engineers, in that they do not have immunity under O.R.C. Chapter 2744 for claims based upon and resulting in violations of the United States and Ohio Constitutions.
 {¶ 7} "III. The trial court committed prejudicial error in thelanguage of its September 9, 2002 judgment entry when it found andadjudged appellant had no recoverable claims against "all defendants"named in causes of action 1, 2 and 3 of said appellant's complaint.
 {¶ 8} In Kasco v. Tuscarawas County, 2003-Ohio-444, Tuscarawas App. No. 2002AP070058, this Court addressed the identical issues set forth in identical assignments of error. The facts in the matter sub judice are nearly identical to the facts in Kasco. For the same reasons set forth inKasco, and based upon the authority set forth therein, we overrule each of appellants' assignments of error.
The September 9, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
Wise and Edwards, JJ., concur.
Topic: sovereign immunity.